IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HILYERD WILLIAMS | § | |
| | § | |
| V. | § | A-18-CA-384-LY |
| | § | |
| DR. WEI-ANN LIN, | § | |
| NURSE MARTINEZ, | § | |
| SGT. PARKER, BASTROP COUNTY | § | |
| JAIL, and CMA BARRIGA | § | |

SECOND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint [#1], Plaintiff's more definite statement [#6], the Motion for Summary Judgment filed by Defendants Martinez, Parker, Barriga, and the Bastrop County Jail [#22], Defendant Lin's Motion for Summary Judgment [#23], Plaintiff's Motion for Summary Judgment [#33], Defendant Lin's response [#34], Plaintiff's reply [#36], Plaintiff's addendum to his complaint [#35], Plaintiff's "Motion for Defendants' Summary Claim" [#38], and Plaintiff's "Statement of the Case" [#39]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

1

The Court issued a Report and Recommendation in this case on March 4, 2019, recommending that Plaintiff's claims against the Bastrop County Jail be dismissed with prejudice for failure to state a claim upon which relief can be granted, the defendants' motions for summary judgment be granted, and the Court render a take nothing judgment. After the Court issued its Report and Recommendation, Plaintiff filed his own motion for summary judgment and a supplement to his complaint. The District Court returned the case to the undersigned to consider Plaintiff's newly filed motion and pleadings.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bastrop County Jail. Plaintiff asserts he arrived at the Bastrop County Jail on April 11, 2018. According to Plaintiff, he informed Nurse Martinez on that day that he had a small pain in his back and needed to be on the bottom bunk. Plaintiff asserts he made the same statement several days later. Medical staff allegedly told Plaintiff he had no history of back problems and denied his request. Plaintiff was, however, provided Motrin for his pain. On May 2, 2018, Plaintiff fell on his back while trying to jump into his bunk. Plaintiff complains Bastrop County officers removed him from his cell by placing him in a wheelchair and placing his lower legs in a sheet. He claims this aggravated his back injury. He further complains he was left in a cell for 30 minutes before he was transported to a hospital. At the hospital, Plaintiff was diagnosed with a back contusion and prescribed naproxen and Flexeril.

Plaintiff sues Dr. Wei-Ann Lin, Nurse Martinez, Sgt. Parker, CMA Barriga, and the Bastrop County Jail. He seeks an unspecified amount of monetary damages and an order requiring the jail to install ladders on the bunk beds.

After consideration of Plaintiff's complaint, he was ordered to file a more definite statement specifying what acts each defendant did to violate his constitutional rights. Plaintiff alleges Dr. Lin refused his request for a lower bunk on multiple occasions. With regard to Nurse Martinez Plaintiff alleges she caused him pain when assessing Plaintiff's injury. Plaintiff asserts she squeezed his "foot and leg very hard before she lifted it and began swinging and yanking it very wildly thinking [he] was lying about [his] injury." Plaintiff claims CMA Barriga refused to give him an x-ray or help. Plaintiff also claims Sgt. Parker improperly removed Plaintiff from his cell using a wheelchair and blanket. After his return from the hospital, Plaintiff alleges he was not given the medicine he was prescribed.

The Court ordered service on the defendants with the exception of the Bastrop County Jail. The Bastrop County Jail is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against Defendant should be dismissed pursuant to 28 U.S.C. § 1915(e).

The remaining defendants move for summary judgment. They assert their entitlement to qualified immunity. Defendants argue Plaintiff is unable to establish they acted with deliberate indifference. Dr. Lin additionally argues Plaintiff's claims brought against her in her official capacity are barred by Eleventh Amendment immunity. Also, Dr. Lin asserts Plaintiff's complaint should be dismissed for Plaintiff's failure to exhaust his administrative remedies.

Plaintiff filed an untimely Motion for Summary Judgment after the Court issued its Report and Recommendation.[1] Plaintiff clarifies he is seeking $12.2 million against the defendants. Plaintiff additionally complains jail employees committed a crime when his legal mail from the Court was opened outside of his presence. In his "Addendum" it appears Plaintiff is explaining he did not timely respond to the motions for summary judgment, because he had mail problems at the jail. The Court subsequently granted Plaintiff an extension of time and Plaintiff has had the opportunity to respond to the defendants' motions for summary judgment. In sum, Plaintiff argues Defendants' motion for summary judgment should be denied because he has proven he suffered a back injury at the jail. He relies on the medical records from the hospital.

DISCUSSION AND ANALYSIS

A. Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must

---

[1] The scheduling order issued in this case required dispositive motions to be filed on or before January 7, 2019.

establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B. Eleventh Amendment Immunity

Defendant Lin contends the claims brought against her in her official capacity are barred by the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

Defendant Lin indicates she is the medical director for Bastrop County, Texas. Accordingly, the claims brought against her in her official capacity are directed at Bastrop County, not the State of Texas. As such, Eleventh Amendment immunity is not applicable in this case.

C.      Exhaustion of Administrative Remedies

Defendant Lin suggests Plaintiff's complaint should be dismissed for his failure to exhaust his administrative remedies. The law is clear "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Fifth Circuit takes a strict approach to exhaustion. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

Plaintiff indicates he filed a grievance on April 22, 2018, requesting a lower bunk assignment. According to Plaintiff, jail officials responded through "medical." However, in Plaintiff's complaint, he does not request injunctive relief in the form of a bottom bunk assignment. Rather, Plaintiff requests the installation of ladders on the bunks and compensation for his pain and suffering and future medical expenses, as a result of his May 2, 2018 fall. Thus, Plaintiff's April 22, 2018 grievance did not operate to exhaust his administrative remedies regarding the claims made in Plaintiff's complaint.

Plaintiff executed his complaint on May 2, 2018, the same day of his fall. Plaintiff did not provide the Court with any evidence he filed a grievance after his May 2, 2018 fall. Accordingly, Plaintiff has failed to establish he exhausted his administrative remedies before he filed his civil rights complaint.

D.  Qualified Immunity

In addition, Defendants are entitled to qualified immunity. A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity. See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010). That is, the plaintiff must present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

E.  Medical Care[2]

To succeed on a claim of inadequate medical care, Plaintiff must establish the defendants were deliberately indifferent to his serious medical condition, "an extremely high standard to meet." Domino v. Tex. Dept of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety...."). An incorrect medical diagnosis is not sufficient to establish a claim. Domino, 239 F.3d

---

[2] Because Plaintiff was a pretrial detainee at the time in question, his rights derive from the Fourteenth Amendment, not the Eighth Amendment. See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Having said this, because the standard is essentially the same for both pretrial detainees and post-conviction prisoners, cases applying the Eighth Amendment are still relevant to the Court's analysis.

at 756. Also, disagreement with a course of medical treatment will not suffice. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff has failed to provide the Court with summary judgment evidence showing jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

Instead, Defendants present summary judgment evidence demonstrating, Plaintiff was transferred from Oldham County to the Bastrop County Jail on April 11, 2018. Upon his arrival, Certified Medical Assistant Martinez performed an initial medical intake. That night, Martinez notified Dr. Lin that Plaintiff has back pain and was wanting to see a doctor and have a lower bunk. According to Dr. Lin, Bastrop County Jail inmates request bottom bunks on a daily basis. Due to the lack of availability, she explained lower bunks are only provided if a prisoner has a serious medical condition that requires it. Dr. Lin asserts she reviewed Plaintiff's medical information and denied the request for a bottom bunk because Plaintiff did not meet the medical criteria, did not present any serious medical condition or any serious risk of serious injury, and is six feet tall and could safely transition from the top bunk. Dr. Lin also prescribed prescription-strength Motrin to Plaintiff for treatment of his minor back pain. Six days later, Plaintiff allegedly informed a different certified medical assistant he needed an x-ray of his back due to a car accident that occurred prior to his incarceration. Two hours after Plaintiff provided the medical assistant with this information, he allegedly reported he may have scoliosis. Dr. Lin reports she denied Plaintiff's request for an x-ray.

On May 2, 2018, after Plaintiff's fall, several officers assisted in moving Plaintiff from the cell of his floor to a "sick cell" in the medical department. Dr. Lin reports she instructed jail personnel to have EMS transport Plaintiff to Dell Seton Hospital for an x-ray and evaluation. The doctors at Dell Seton Hospital concluded Plaintiff suffered a bruise on his back and prescribed Naprosyn and Flexeril, a muscle relaxer. Upon his return from the hospital, Dr. Lin evaluated Plaintiff in person and in conformity with the ER physician's recommended treatment, she prescribed the continued use of Motrin, Baclofen, a lower bunk for two weeks, and a muscle rub ointment. She explains she substituted Motrin for Naprosyn, which is in the same class as Motrin, because Plaintiff was already taking it prior to his ER visit. She further explains she substituted Baclofen for Flexeril, because Flexeril has a sedative effect and is not used in the Bastrop County Jail. Four days later, Plaintiff improperly shared his prescription medication with another inmate, in violation of the jail's policies. As a result, the Motrin and Baclofen were discontinued. Plaintiff was released from jail on June 7, 2018.

The undisputed summary-judgment evidence demonstrates the defendants were not deliberately indifferent to Plaintiff's serious medical needs. Accordingly, summary judgment is appropriate.

F. <u>Legal Mail</u>

Plaintiff does not make clear whether he is attempting to raise an additional legal claim regarding his mail or whether Plaintiff is simply explaining his delay in this case. To the extent he is attempting to raise a new claim Plaintiff's claim fails. Plaintiff fails to allege any facts showing the defendants named in this lawsuit had anything to do with his mail. This failure is fatal to his claims against these defendants. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d

744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action").

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Bastrop County Jail be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that the remaining defendants' Motions for Summary Judgment [#22-23] be **GRANTED** and a take nothing judgment be rendered. It is finally recommended that Plaintiff's Motion for Summary Judgment [#33] be **DENIED**.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 21, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE